1  David Dunlap Jones, Esq.
   Bar No. 212053
2  **THE LAW FIRM OF DAVID DUNLAP JONES, PLC**
   250 El Camino Real, Suite 101
3  Tustin, CA 92780
   714-730-7900 Business
4  714-730-8100 Fax

5  Attorney for Plaintiffs

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                   SOUTHERN DIVISION

11 GOLDEN WEST WINGS LLC;          ) CASE NO. 8:22-cv-1834
   A&R MANAGEMENT LLC;             )
12 ARR MANAGEMENT LLC;             )
   BERI DEVELOPMENT LLC;           ) **COMPLAINT FOR:**
13 BERI VENTURES LLC;              )
   BREA DINERS GROUP LLC;          )   1) **BREACH OF CONTRACT;**
14 FRESH JUICE DEVELOPMENT LLC     )   2) **NEGLIGENCE**
   GOLDEN WEST SMOOTHIES LLC;      )   3) **INTENTIONAL INTERFERENCE**
15 GRAB N GO JUICE LLC;            )      **WITH PROSPECTIVE**
   JUICE TO GO LLC;                )      **ECONOMIC ADVANTAGE**
16 LA JUICE COMPANY LLC;           )
   LA JAMBA LLC;                   )
17 RELIANCE RESTAURANTS LLC;       )
   SOCAL JAMBA LLC;                )
18 TEAM ABC LLC;                   )
   BREA JUICE COMPANY LLC.         )
19                                 )
                                   )
20      Plaintiff,                 )
                                   )
21 v.                              )
                                   )
22 SHIFTPIXY, INC.                 )
   A Wyoming Corporation           )
23                                 )
                                   )
24                                 )
   DOES 1 THROUGH 20               )
25                                 )
        Defendants.                )
26 ─────────────────────────────────

28      GOLDEN WEST WINGS LLC, A&R MANAGEMENT LLC, ARR MANAGEMENT

LLC, BERI DEVELOPMENT LLC, BERI VENTURES LLC, BREA DINERS GROUP LLC, FRESH JUICE DEVELOPMENT LLC, GOLDEN WEST SMOOTHIES LLC; GRAB N GO JUICE LLC, JUICE TO GO LLC, LA JUICE COMPANY LLC, LA JAMBA LLC, RELIANCE RESTAURANTS LLC, SO CAL JAMBAC LLC, TEAM ABC LLC and BREA JUICE COMPANY LLC (collectively "Plaintiffs" unless otherwise specified) alleges the following:

## I.
## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. At all times during the acts complained of herein, Plaintiffs are Limited Liability Companies, organized under the laws of, and in good standing with, the State of California.

2. Defendant SHIFTPIXY, Inc. (hereinafter "Defendant") is organized under the laws of Wyoming but has offices and does business in the State of California, County of Orange. Additionally, Defendant's principal place of business is located in Miami-Dade County.

3. Defendants DOES 1 through 20, inclusive, are sued herein under fictitious names, their true names and capacities being unknown to Plaintiffs. Plaintiffs will seek leave of the court to amend the Complaint by inserting their true names and capacities in the place and stead of said fictitious names when the same have been ascertained.

4. Plaintiffs are informed and believe and thereon allege that each of the Defendants designed DOES 1 through 20, inclusive, are responsible in some way and/or manner for the acts and occurrences herein alleged whether such acts and occurrences were committed intentionally, negligently, recklessly, or otherwise, and that each said DOE Defendant is liable to Plaintiffs for the damages suffered by Plaintiffs.

5. Plaintiffs operate and own various fast casual food franchises for the following brands: Jamba Juice, Wing-Stop, Denny's and Subway®. Plaintiffs employ hundreds of hardworking people in the Southern California fast casual food market.

6. Between 2019 and 2020, the parties signed client services agreements prepared by Defendant whereby Defendant agreed to serve as a Professional Employer Organization

1  (hereinafter "PEO") for all of the Plaintiffs' employees for the tax year 2020.  A copy of client
2  service agreements for Plaintiffs A&R Management LLC, ARR Management LLC, Beri
3  Development LLC, Beri Ventures LLC and Reliance Restaurants are attached hereto as **Exhibit**
4  **1** and hereby incorporated by reference.  A copy of the client services agreement for Brea Juice
5  Company is attached hereto as **Exhibit 2** and hereby incorporated by reference.  A copy of the
6  client services agreement for Brea Diner's Group LLC is attached hereto as **Exhibit 3** and
7  hereby incorporated by reference. .A copy of the client services agreement for Golden West
8  Wings LLCV is attached hereto as **Exhibit 4** and hereby incorporated by reference.  Plaintiffs do
9  not have copies of client services agreements for the other entities but believe they do exist and
10 they are in similar format as those attached to this complaint.

11 7.     Defendant's services included, amongst other things, payroll processing and human
12 resources and compliance support.  Relevant to the facts here, Defendant prepared, processed
13 and filed all of Plaintiffs' payroll tax returns for the year 2020 period.

14 8.     Plaintiffs are entitled to Employee Retention Credits (hereinafter "ERC") for the tax year
15 2020.  These ERCs have not been not credited or paid to Plaintiffs.

16 9.      Plaintiffs retained tax advisor Albert Roman & Associates (hereinafter "ARA") to assist
17 Plaintiffs in obtaining the maximum amount of ERC available.  ARA estimates that the value of
18 the ERCs to Plaintiffs is approximately $2.3 million dollars

19 10.    When Plaintiffs discovered the value of the ERCs to which Plaintiffs were entitled, they
20 requested Defendant to amend Plaintiffs' quarterly and annual payroll tax returns to take
21 advantage of the ERCs.

22 11.    In response to Plaintiffs' request, Defendant, through Colby Benbow, its director of
23 operations, informed Plaintiffs of the following:

> As you are aware, ShiftPixy…is a staffing services company. As such, ShiftPixy is the sole employer of any worker (or Shifter) who was assigned to your worksite(s). Therefore, as a former ShiftPixy client you would not have had employer tax liability regarding these workers – making your company ineligible for the ERTC.

27 12.    Defendant's position is contrary to tax law and guidance promulgated by the Internal
28 Revenue Service, which makes clear that the common law employer (i.e. "Plaintiffs") is entitled

to the ERCs regardless of whether the common law employer used a third party payer such as a PEO. The IRS goes on to explain the procedures and forms that are required to be used by the PEO to claim this refundable credit on behalf of the taxpayer. Defendants never prepared, processed and filed these forms.

13. On or about May 23rd, 2022, Plaintiffs, through their counsel, once again demanded that Defendant amend the payroll tax returns for the relevant period but Defendant has not and will not comply with Plaintiffs' demands.

14. Since Defendant filed the payroll tax returns, Plaintiffs are unable to amend them without Defendant's cooperation and consent, neither which has been given.

## II.
## VENUE AND JURISDICTION

15. Plaintiffs hereby incorporate and reallege the allegations in the preceding paragraphs as though fully alleged herein.

16. Plaintiffs are California Limited Liability Companies with headquarters in Orange County, California. Defendant is a Wyoming corporation but has offices in Orange County California.

17. The parties signed their written agreements in Orange County, California. Paragraph 12 of most of the attached agreements provide that California law shall be govern the terms of the agreement and Orange County shall serve as venue in the event of a legal dispute.

## III.
## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

18. Plaintiffs hereby incorporate and reallege the allegations in the preceding paragraphs as though fully alleged herein.

19. The parties signed client service agreements whereby Defendant agreed to serve as the PEO for Plaintiffs' employees, copies of some which are attached as **Exhibits 1-4**.

20. The agreements provided that Defendant would file all applicable federal and state

payroll tax return.

21. Paragraph 5a required the parties to comply with all applicable federal and state laws and regulations.

22. Defendant failed to comply with federal law when it filed Plaintiffs' payroll tax return but failed to obtain the ERCs on behalf of Plaintiffs to which they were entitled to under IRS law and its promulgated regulations.

23. As such, Plaintiffs have been damaged in an amount of not less than $2.3 million dollars.

## IV.
## SECOND CAUSE OF ACTION
## NEGLIGENCE

24. Plaintiffs hereby incorporate and reallege the allegations in the preceding paragraphs as though fully alleged herein.

25. Defendant, as Plaintiffs' EPO, had a duty to exercise due care in the performance of their duties to Plaintiffs.

26. Defendant breached that duty by failing to obtain ERCs when it filed the payroll tax returns and by refusing to thereafter cooperate with Plaintiffs to obtain those ERCs after being informed that Plaintiffs were entitled to them.

27. Plaintiffs have suffered damages of not less than $2.3 million dollars and Defendant is the proximate cause of those damages.

## V.
## THIRD CAUSE OF ACTION
## INTENTIONAL INTEFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

28. Plaintiffs hereby incorporate and reallege the allegations in the preceding paragraphs as though fully alleged herein.

29. Defendants knew that Plaintiffs were entitled to ERCs, understood that Plaintiffs could not obtain those ERCs unless Defendants cooperated with Plaintiffs to file amended payroll tax returns for the relevant period but refused anyway.

30. Defendant intended to disrupt the economic relationship between Plaintiff and the United States Treasury, or knew that disruption of economic relationship was substantially certain to

occur.

31. Plaintiffs have been harmed in an amount not less than $2.3 million dollars and Defendant was a substantial factor in causing that harm.

32. Additionally, Defendant's agents, officers and/or directors either acted with or knew of Defendant's oppression, fraud or malice thereby entitling Plaintiffs to an award of punitive damages.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Pray as follows:

1. On all causes of action, for actual damages against Defendant in an amount of no less than $2,300,000, which shall be proven at time of trial;
2. On the causes of action for Intentional Interference with Prospective Economic Advantage, for exemplary damages against Defendant pursuant to California Civil Code section 3294;
3. For reasonable attorney fees and costs as provided under the agreement and California law, according to proof at time of trial;
4. For any further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a jury trial on all issues entitled to jury trial as raised in this Complaint.

1
2  September 16, 2022
3
4                              LAW FIRM OF DAVID DUNLAP JONES, APLC
5                              BY:
6
7                              _____
                               DAVID D. JONES
8                              ATTORNEY FOR PLAINTIFFS
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28